UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:   Case No. 22-48074

ADJ PROPERTIES, LLC, et al.,[1]   Chapter 11
  (Jointly Administered)
  Debtors.   Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTORS TO AMEND DISCLOSURE STATEMENT**

On May 19, 2023, the Debtors in these jointly administered cases filed a plan and disclosure statement, in a document entitled "Combined Liquidating Plan and Disclosure Statement of ADJ Properties, LLC and ALJ Properties, LLC" (Docket # 81). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which the Debtors must correct.

1. In paragraphs 2.3, 2.4, and 2.5 on page 34 of the Plan, and in paragraph I.A of the Disclosure Statement on pages 4-5 in the sections entitled Group III, Group IV, and Group V, and possibly elsewhere, the Debtors refer to and treat the pre-petition secured real estate tax claims due to the Macomb County Treasurer and the City of Fraser in Groups as either administrative claims or priority claims. That appears to be incorrect. Such pre-petition tax claims are not administrative claims under 11 U.S.C. § 507(a)(2). Only claims for taxes incurred post-petition can qualify as administrative claims. And the Debtors do not explain how these secured tax claims are or can be priority claims. For example, the Debtors do not state that these tax claims qualify for priority under 11 U.S.C. § 507(a)(8)(B). For these reasons, these secured

---

[1] The Debtors in these jointly administered cases are ADJ Properties, LLC (Case No. 22-48074) and ALJ Properties, LLC (Case No. 22-48075).

claims must be classified in the Plan. The Debtors must treat each secured creditor, including each creditor holding a secured tax claim, in a separate class. With regard to each secured creditor, the Debtors must state the amount of the claim without regard to the value of the collateral; describe the property securing the claim (if real estate, the full address, including city and state); state the fair market value of the property securing the claim; whether any portion of the claim is unsecured; and if so, whether the secured creditor will have an unsecured deficiency claim, to be included and treated in the class of general unsecured claims; and if so, the amount of such unsecured claim. If more than one secured creditor has a lien on property, the Debtors must state the priority of each secured creditor (*e.g.*, which creditor has a first priority lien and which creditor has a second priority lien). The Debtors also must amend the Disclosure Statement so that it is consistent with the changes the Debtors make to the Plan.

2. With regard to the secured claim of Huntington Bank treated in Class I of the Plan on pages 34-35, the Debtors must state: (1) the fair market value of the Real Estate,; (2) the amount of any deficiency claim of Huntington Bank based on that value; (3) whether more than one secured creditor has a lien on the Real Estate; and (3) if more than one secured creditor has a lien on the Real Estate, the priority of the secured claim of Huntington Bank.

3. Paragraph 3.2.2 of the Plan on page 36 contains a typographical error. The Debtors must correct this error by changing "Class III" to "Class II."

4. Paragraph 3.3.1 of the Plan on page 36 states, in relevant part, that "[t]he Class III claims and equity interests shall be deemed cancelled as of the Effective Date of this Plan," but the Plan does not state who will own the Debtors after the Effective Date. The Plan must state this.

5. Paragraph 4.1 of the Plan on page 37 states that "[t]he Debtor proposes to fund the Plan out of its income derived from the operations of its business." Paragraph V.A. of the Disclosure Statement on page 18 states: "The Debtors propose[] to fund [their] Chapter 11 Plan of Reorganization from the profits of the operation of its Vintage, the business which lease[s] the properties of the Debtors." But this is a liquidating plan, in which the Debtors propose to sell their Real Estate and fund the Plan with the proceeds of such sale. (*See* Ex. B to Disclosure Statement (Projections); *see also* Disclosure Statement at paragraph V.B on page 19 ("The Debtors are liquidating and do not anticipate any operations after the Effective Date."); Disclosure Statement at paragraph V.C on page 20 ("The Debtors anticipate filing a motion for approval of a private sale based on the HRG Offer. The proceeds from the sale of the Real Estate and the Vintage operations will fund the payments required under the Plan;" paragraph VI of the Disclosure Statement on page 25 ("The Debtors are limited liability companies that are liquidating through this Plan.".) The Debtors must correct these apparent discrepancies.

6. The Debtors must state in paragraph II.A of the Disclosure Statement on page 6 that the Debtors are limited liability companies, and state under which state's laws they are organized.

7. The Debtors must state in paragraph II.A of the Disclosure Statement on page 6 that **Anthony A.** Jekietek is "the president and sole owner of Vintage and the sole member of both ADJ and ALJ.

8. The Debtors must state in paragraph V.B of the Disclosure Statement on page 19 what the salary and fringe benefits of the Debtors' sole member Anthony Jekielek will be, if any, to the extent that there are any post-confirmation operations which require post-confirmation management.

3

9. In the last sentence of paragraph VI of the Disclosure Statement on page 25, the Debtors must change "Part 4(E)(2)(b)" to "Part VI.E.2.(b)."

Accordingly,

IT IS ORDERED that no later than **May 31, 2023**, the Debtors must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **May 31, 2023**, the Debtors also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtors have made to the "Combined Liquidating Plan and Disclosure Statement of ADJ Properties, LLC and ALJ Properties, LLC," filed May 19, 2023.

**Signed on May 24, 2023**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**